Shaw v. Annuity Association.

No. 19,802.

A. J. SHAW, *Appellant*, v. THE LIFE & ANNUITY ASSOCIA-
TION, *Appellee*.

No. 19,803.

MARY A. SHAW, *Appellant*, v. THE LIFE & ANNUITY ASSOCIA-
TION, *Appellee*.

No. 19,804.

AZRO J. SHAW, *Appellant*, v. THE LIFE & ANNUITY ASSOCIA-
TION, *Appellee*.

No. 19,805.

F. A. FALK, *Appellant*, v. THE LIFE & ANNUITY ASSOCIA-
TION, *Appellee*.

No. 19,806.

ROBERT T. MATTHEWS et al., *Appellants*, v. THE LIFE & AN-
NUITY ASSOCIATION, *Appellee*.

Appeal from McPherson district court; FRANK F. PRIGG,
judge. Opinion filed June 19, 1917. Affirmed.

*Alex S. Hendry*, of McPherson, for the appellants.

*S. H. Allen, Otis Allen*, both of Topeka, and *A. R. Lamb*, of
Coffeyville, for the appellee.

*Per Curiam:* These appeals were pending here on November
14, 1914, when the case of *Moore v. Annuity Association*, 93
Kan. 398, involving exactly the same issues, was first decided.
That decision was in favor of the contentions urged by the
appellants and directed the district court of McPherson
county to grant a new trial. Immediately after the decision
was announced the appellants dismissed their appeals. Subse-
quently a rehearing was granted in the Moore case, and on
May 8, 1915, the judgment of the district court sustaining a
demurrer to the evidence was affirmed. (*Moore v. Annuity
Association*, 95 Kan. 591, 148 Pac. 981.)

Thereupon counsel for the appellants, who was likewise
counsel for appellant in the Moore case, asked that these cases
be reinstated because they had been dismissed on the sup-
position that the first decision in the Moore case was final and

controlling. On the representations of counsel for the appellants that it was his intention to take the Moore case to the supreme court of the United States by proceedings in error, and his representations that the issues involved were identical with those in the Moore case, these appeals were reinstated, and at his further request they were continued generally in order to await the final disposition of the proceedings in error in the Moore case. It is for these reasons that the cases have been allowed to remain on the docket without being called for disposition. No proceedings in error have been taken in the Moore case, and the time for so doing has long since expired.

On January 11, 1917, appellants filed an application for leave to make additional parties defendants, representing that the defendant association in February, 1915, sold and delivered all its assets and property, including plaintiffs' share of the beneficiary and reserve funds of the defendant, to the North American Union of Chicago, a corporation under the laws of Illinois, and that the merger of these associations had been approved by the state superintendent of insurance; and further, that on November 20, 1916, the Illinois corporation had sold and transferred all its assets and property to the Fraternal Aid Union of Denver, a corporation of Colorado, and it is stated that by reason of these mergers no property of the original defendant nor of the Illinois corporation can be reached by execution and judgment in favor of the plaintiffs in these actions.

We are asked to make the additional parties defendants and to set the cases down for hearing on their merits. So far as the merits of the cases are concerned they are controlled in each case by the decision in the Moore case, and the judgments in each of the appeals must be affirmed on the authority of that case. Inasmuch as the judgments of the district court in favor of the original defendant must be affirmed, it is not perceived how the transfer and sale of defendant's assets and property could affect in any manner the rights of the appellants. Since they can obtain no judgments against the original defendant it makes no difference to them that there is no property of the original defendant in this state subject to execution.

The application for leave to make additional parties defendants is denied, and the judgments are affirmed.